UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| DIANE DESHONG, Individually and as Power of Attorney for DOROTHY DUPUIS, and EDWARD S. DUPUIS, | NO. CV-09-066-JLQ |
| Plaintiffs, | |
| vs. | **ORDER GRANTING PLAINTIFFS' MOTION TO REMAND** |
| EXTENDICARE HOMES, INC., d/b/a THE GARDENS ON UNIVERSITY and VERNA LARSON, | |
| Defendants. | |

    BEFORE THE COURT is Plaintiffs' Motion to Remand (Ct. Rec. 4) which came on for hearing on May 7, 2009 without oral argument.  Plaintiffs assert the court lacks diversity jurisdiction and request the court to remand the matter to the Spokane County Superior Court for further proceedings.  Defendants oppose the motion. After review, the court herein grants the motion and remands the case back to state court.

**I. Background**

    This is a personal injury case initially filed on February 5, 2009, in the Superior Court of the State of Washington in and for the County of Spokane (Cause No. 09200505-7).  Plaintiff Diane DeShong is a citizen of the state of Washington.  She is the daughter of Plaintiff Dorothy DuPuis.  She has Power of Attorney for Dorothy DuPuis and brings this action on behalf of her mother.  She is also bringing this action

ORDER - 1

individually, on her own behalf.

Defendant Extendicare Home Inc. d/b/a The Gardens on University ("The Gardens") is a Delaware corporation and has been incorporated in the state of Delaware with its principal place of business being in the state of Wisconsin. Defendant Verna Larson, an RN employee of "The Gardens," is a citizen of the state of Washington.

Plaintiff Dorothy DuPuis was admitted to The Gardens on or about July 14, 2006. It is undisputed that on August 21, 2006, DuPuis was left unattended in the bathroom and, while attempting to get up from the toilet without assistance, fell and broke her hip. It is also undisputed that Defendant Larson was responsible for conducting an initial assessment and creating a "care plan" for DuPuis. Plaintiffs claim that Larson acted negligently by failing to provide an adequate care plan in light of DuPuis' apparent deficiencies. Plaintiffs also claim that The Gardens acted negligently in supervising its nursing staff and employees. Further, Plaintiffs claim that the acts or omissions of both Defendants amounted to abandonment and/or neglect under the Abuse of Vulnerable Adults Act, RCW Ch. 74.34. On March 5, 2009, Defendants filed a Notice of Removal of the action from state court to this court on the basis of diversity of citizenship. Ct. Rec. 1. In their Notice, Defendants claim that Larson, a non-diverse party, was fraudulently joined by Plaintiffs in order to defeat the requirement of complete diversity of citizenship and, thus, her citizenship should not be considered by the court to determine whether diversity jurisdiction exists. *Id.* at 3-4.

On April 6, 2009, Plaintiffs filed a Motion To Remand, claiming that joinder of Larson was not fraudulent because Plaintiffs have a colorable claim of negligence against her. Ct. Rec. 4. Defendants assert in their Response (Ct. Rec. 8) that federal regulations would have prohibited Larson from including an order requiring the staff to ignore DuPuis' rights to privacy in the bathroom. Accordingly, Defendants claim that there was no breach of duty and no reasonably based negligence action exists against Larson.

ORDER - 2

**II. Discussion**

Any civil action commenced in state court may, as a general matter, be removed by the defendant to federal district court, if the case could have been brought there originally. 28 U.S.C. § 1441(a). However, courts "strictly construe the removal statute against removal jurisdiction" and any doubt about the right of removal is strictly construed in favor of remand. *Gaus v. Miles, Inc.,* 980 F.2d 564, 566 (9th Cir. 1992). This "'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Id.*

Defendants claim this court has removal jurisdiction based on diversity of citizenship. 28 U.S.C. § 1332(a)(1). Section 1332 requires complete diversity of citizenship; each of the plaintiffs must be a citizen of a different state than each of the defendants. *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001). One exception to this requirement of complete diversity is where a non-diverse defendant has been "fraudulently joined" by the plaintiff. Fraudulent joinder is "a term of art," and places an even greater burden on the defendant for removal. *McCabe v. General Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987). The Defendants must establish to a "near certainty" that joinder was fraudulent. *Lewis v. Time, Inc.,* 83 F.R.D. 455, 466 (E.D. Cal. 1979), *aff'd,* 710 F.2d 549 (9th Cir. 1983). Joinder of a non-diverse defendant is deemed fraudulent if the court finds that the plaintiff has "no real intention in good faith to prosecute the action against that defendant or seek a joint judgment." *Goldberg v. CPC Intern., Inc.*, 495 F.Supp. 233, 239 (N.D. Cal. 1980). Joinder may also be deemed fraudulent "if the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to settled rules of the state." *Id.* If the plaintiff's case against the non-diverse defendant is "sufficient to withstand a dismissal motion under Fed.R.Civ.P. 12(b)(6), the joinder of claims against them [is] not fraudulent so as to warrant dismissal on that score." *Sessions v. Chrysler Corp.*, 517 F.2d 759, 760 (9th Cir. 1975). So long as the plaintiff establishes a cause of action against the defendant, "the

ORDER - 3

motive for joining such a defendant is immaterial." *Albi v. Street & Smith Publications*, 140 F.2d 310, 312 (9th Cir. 1944).

Where fraudulent joinder is an issue, the defendant "is entitled to present the facts showing the joinder to be fraudulent." *Ritchey v. Upjohn Drug Company*, 139 F.3d 1313, 1318 (9th Cir. 1998). However, these facts are to address "whether the plaintiff truly had a cause of action against the alleged sham defendants...[not] whether those defendants could propound defenses to an otherwise valid cause of action." *Id.* In assessing whether or not a party has been fraudulently joined, the court must also resolve all contested issues of fact and any ambiguities of state law in the plaintiff's favor. *Travis v. Irby*, 326 F.3d 644, 648 (5th Cir. 2003). If this court determines it is without subject matter jurisdiction at any time before the final judgment of the action, the action shall be remanded back to the state court. 28 U.S.C. § 1447(c).

Larson and Plaintiffs are each citizens of Washington. Therefore, Larson's presence in the lawsuit at the time of removal defeats diversity jurisdiction unless she was fraudulently joined. The dispositive issue, then, is whether or not Plaintiffs have failed to state a cause of action against Larson and whether or not that failure is obvious.

Plaintiffs' complaint alleges claims of negligence against Larson. In order to establish a cause of action for negligence against Larson, Plaintiffs must show: "(1) the existence of a duty owed to the [Plaintiff]; (2) a breach thereof; (3) a resulting injury; and (4) a proximate cause between the claimed breach and resulting injury. *Pedroza v. Bryant*, 101 Wash.2d 226, 228, 677 P.2d 166, 168 (1984). It is undisputed that Larson was responsible for conducting an initial assessment and for preparing a plan of care for DuPuis. It is also undisputed that DuPuis was admitted to The Gardens because she had fractured her pelvis in a previous fall. Plaintiffs allege that this information, along with the fact that she experienced episodes of confusion, was communicated to the nursing staff at the time of admittance. Ct. Rec. 1. Staff were allegedly further warned that DuPuis would be unable to use her call light if and when it may be needed. Ct. Rec. 1.

ORDER - 4

Despite this knowledge, Plaintiffs claim that Larson failed to provide appropriate interventions to address these needs.  Plaintiffs support their position by proffering the affidavit of an expert witness, Amanda Cichanski, MN, RN, who states that "the appropriate standard of care requires that a resident who is known to suffer from episodes of confusion and is unable to reliably use her call light should not be left unattended in the bathroom."  Ct. Rec. 4, Ex. 1.  Nevertheless, DuPuis was left unattended on the toilet and, because of her confusion, attempted to get up by herself.  Plaintiffs claim her subsequent fall and injury was proximately caused by Larson's inadequate care plan.  Resolving contested issues of fact in the light most favorable to Plaintiffs, the Complaint is sufficient to state a cause of action of negligence against Larson.

Defendants assert in their Notice of Removal that "it is the standard practice of the Plaintiffs' counsel to name individual defendants in suits against Extendicare Homes, Inc. to attempt to destroy federal diversity jurisdiction."  Ct. Rec. 1 at 4.  Defendants cite an unrelated action previously before this court (Cause No. CV-08-0047-JLQ) as an example of this practice.  This history is not sufficient to establish to a "near certainty" that Plaintiffs either (1) have no good faith intention of pursuing the action against Larson or (2) cannot state a cause of action against Larson.  If the Plaintiffs are able to state a cause of action, then joinder is not fraudulent, regardless of their tactical or strategic motives.

Defendants also point to the fact that Larson was not working on the specific day that DuPuis fell and was injured.  She was also allegedly not directly involved in DuPuis' care on this specific day.  These facts are also not sufficient to establish fraudulent joinder.  Plaintiffs are claiming that the negligence of Larson is related to her assessment of DuPuis' needs and implementation of a care plan, not to her acts or omissions on the specific day of the fall.  Larson's absence and/or lack of involvement on the specific day does not obviously undermine Plaintiffs' negligence claim against

ORDER - 5

her.

Additionally, Larson asserts that her care plan included all legal precautions, as federal regulations (42 C.F.R. § 483.10) would have prohibited her from including an order requiring that staff ignore DuPuis' rights to privacy. Larson further claims that she was not alerted to nor did she ignore any abuse or neglect of DuPuis in her role as supervisor. These assertions, even if true, do not address the dispositive issue of whether or not the Plaintiffs have a colorable cause of action against Larson. They merely amount to defenses that Larson could propound to an otherwise valid cause of action.

The proof provided by Defendants is not sufficient to satisfy their heavy burden of establishing to a "near certainty" that Plaintiffs cannot establish a cause of action. Accordingly, Defendants have not established that joinder of Larson was a fraudulent device to destroy diversity. Because she is admittedly a citizen of Washington, complete diversity does not exist in this matter. The case shall be remanded to state court.

## III. Conclusion

Defendants have not established to a "near certainty" that Plaintiffs have no good faith intention of pursuing the action against Larson; nor have they established that Plaintiffs cannot state a cause of action against Larson, and that such failure is obvious. Therefore, joinder is not fraudulent. Defendants have presented facts and arguments which amount to potential substantive defenses to the merits of the claim, which are inappropriate for the court to delve into at this time. A determination on the merits must be made by the state court. Plaintiffs and Larson are citizens of Washington and, therefore, complete diversity does not exist.

///

///

///

///

ORDER - 6

1

2           Accordingly, Plaintiffs' Motion To Remand **(Ct. Rec. 4)** is hereby **GRANTED**.

3      This matter is dismissed and **REMANDED** to Spokane County Superior Court.

4           **IT IS SO ORDERED.**   The Clerk is hereby directed to enter this order, furnish

5      copies to counsel and the Clerk of the Spokane County Superior court,  and **CLOSE**

6      **THE FILE**.

7           **DATED** this 19th day of June, 2009.

8                              s/ Justin L. Quackenbush

9                         JUSTIN L. QUACKENBUSH
              SENIOR UNITED STATES DISTRICT JUDGE

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ORDER - 7